# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD RUSSELL, JR. ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **DAVID HAGHAGHI ET AL.** | **NO. 17-608-BAJ-EWD** |

## NOTICE AND ORDER

Before the Court is an Ex Parte Motion to Extend Deadline to Comply with Order (the "Motion for Extension") filed by David Haghaghi, Hog Wild Trucking, Inc. and Arch Insurance Company (collectively, "Defendants").[1] Per the Motion for Extension, Defendants seek a thirty (30) day extension of time to file their previously-ordered memorandum and supporting evidence regarding whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.[2]

For the reasons that follow, the Motion for Extension is **GRANTED IN PART.** The Court construes Defendants' Motion for Extension as a motion to conduct limited jurisdictional discovery and **GRANTS** the parties thirty (30) days from the date of this Notice and Order to conduct limited jurisdictional discovery regarding the amount in controversy in this suit. The Court emphasizes that this discovery is to be limited to only that relevant to the amount in controversy at the time of removal.

### I. Background

This is a civil action involving claims for damages allegedly sustained by plaintiffs, Donald Russell, Jr. and Chaise Thomas, as a result of a car accident that occurred on or about January 20, 2017.[3] On or about August 1, 2017, Plaintiffs filed a Petition for Damages against Defendants in

---

[1] R. Doc. 8.
[2] *See*, R. Doc. 7.
[3] R. Doc. 1-4 at p. 4.

1

the Twenty-Third Judicial District Court for the Parish of Ascension, Louisiana.[4] Defendants removed the matter to this Court on September 1, 2017 based upon diversity jurisdiction, 28 U.S.C. § 1332(a).[5]

In this Court's September 15, 2017 Notice and Order,[6] the undersigned explained that it is not apparent from the face of Plaintiffs' Petition for Damages that the claims are likely to exceed $75,000.00. In the Petition, Plaintiffs alleges that they suffered "severe personal injuries" and "permanent disability," and Plaintiffs seek damages for medical expenses, physical and mental pain and suffering, loss of enjoyment of life, lost wages and loss of earning capacity.[7] However, there is no indication in the Notice of Removal or Plaintiffs' Petition for Damages of the amount of lost wages or medical expenses that Plaintiffs seek, nor is there any information regarding the nature and extent of the Plaintiffs' disability.[8]

Accordingly, the Court *sua sponte* raised the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met and ordered the parties to submit memoranda and evidence regarding the amount in controversy.[9] The Court ordered Defendants to file a memorandum and supporting evidence regarding the amount in controversy within ten (10) days of the September 15, 2017 Notice and Order, or by September 25, 2017. The Court further ordered Plaintiffs to file either: (1) a

---

[4] R. Doc. 1-4 at pp. 3-7.
[5] R. Doc. 1.
[6] R. Doc. 7.
[7] R. Doc. 1-4 at pp. 5-6.
[8] While the Plaintiffs claim to have suffered "permanent disability," this general allegation, without more, is insufficient to establish the amount in controversy. The Petition does not provide any information regarding the nature or extent of the Plaintiffs' injuries, including what area(s) of the body were allegedly injured, nor does it specify what type of disability was suffered or whether it was a temporary or permanent disability. "It is well-recognized that a list of non-specific injuries and a generic listing of categories of damages, such as those alleged by plaintiff, are not sufficient to establish that the amount in controversy is satisfied. *Robinson v. Kmart Corp.*, Civ. A. No. 11-12-RET-DLD, 2011 WL 2790192, at *3 (M.D. La. Apr. 28, 2011), *report and recommendation adopted*, Civ. A. No. 11-12-RET-DLD, 2011 WL 2937952 (M.D. La. July 14, 2011) (cases cited therein).
[9] R. Doc. 7.

memorandum and supporting evidence concerning the Court's subject matter jurisdiction, specifically, whether the amount in controversy requirement of 28 U.S.C. § 1332 is met; or (2) a Motion to Remand, within ten (10) days after the filing of Defendants' memorandum.[10]

## II. Leave to Conduct Limited Jurisdictional Discovery

On September 19, 2017, Defendants filed their Motion for Extension.[11] In support thereof, Defendants assert that they have "informally requested specific information and medical records from counsel for Plaintiffs regarding the injuries Plaintiffs allege they have sustained so that they could respond to the Court's order, but Plaintiffs have not yet responded."[12] Defendants further claim that they are "also issuing formal discovery on the issue of damages forthwith."[13] Defendants contend that, "Until Defendants obtain the discovery relative to Plaintiffs' alleged damages, they cannot properly respond to the Court's Order."[14] Accordingly, Defendants request that the deadline to respond to the Court's September 15, 2017 Notice and Order "be reset for October 25, 2017 to allow sufficient time to obtain evidence of the amount in controversy."[15]

Pursuant to Fed. R. Civ. P. 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Rule 26(f)(1) provides generally that "the parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due . . . ." Fed. R. Civ. P. 26(f)(1). As noted above, this matter was removed to this Court on September 1, 2017. A scheduling conference is scheduled for

---

[10] R. Doc. 7.
[11] R. Doc. 8.
[12] *Id.* at p. 1.
[13] *Id.*
[14] *Id.*
[15] *Id.* The Motion for Extension also contains a prayer for relief in which Defendants "prays [sic] that the deadline for Defendants to respond to Plaintiff's [sic]Motion to Remand be reset for October 25, 2017." *Id.* at p. 2. However, this appears to be an error, as no Motion to Remand has been filed by the Plaintiff in this matter.

November 16, 2017, and the Court has ordered the parties to submit a scheduling order by November 2, 2017.[16] Accordingly, it does not appear that Defendants are entitled to seek discovery from Plaintiffs at this juncture without an order from this Court. The undersigned therefore construes Defendants' Motion for Extension as a motion to conduct limited jurisdictional discovery.

It is within the Court's discretion to allow limited jurisdictional discovery. *Gordon v. East Skelly, LLC*, Civ. A. No. 13-6570, 2014 WL 2894923 (E.D. La. June 25, 2014) (granting motion to remand following limited discovery regarding the nature and extent of damages and the amount in controversy); *Garbin v. Gulf South Pipeline, LP*, Civ. A. No. 01-2659, 2001 WL 1386067 (E.D. La. Nov. 7, 2001) (allowing limited jurisdictional discovery regarding identity of parties and the amount in controversy). *See also*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.13, 98 S.Ct. 2380, 2389, n.13, 57 L.Ed.2d 253 (1978) (explaining that discovery is not limited to the merits of a case, "[f]or example, where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."); *Pudlowski v. St. Louis Rams, LLC*, 829 F.3d 963, 964-965 (8th Cir. 2016) ("A court has an independent obligation to ensure that the case is properly before it. Discovery is often necessary because jurisdictional requirements rest on facts that can be disputed, for instance, the domicile of the parties."); *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) ("[A] court should take care to give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction . . . .") (internal citations omitted).

The undersigned has already found that it is not apparent from the face of Plaintiffs' Petition for Damages that the claims asserted in this matter are likely to exceed $75,000.00.[17] Further, the undersigned has ordered the parties to submit briefing and evidence regarding the

---

[16] R. Doc. 3.
[17] R. Doc. 7.

amount in controversy. Per the Motion for Extension, Defendants seek additional time to obtain discovery regarding the amount in controversy. In light of this Court's obligation to ensure subject matter jurisdiction exists, and in consideration of Defendants' assertion that some discovery is necessary for them to submit the previously ordered briefing and evidence, the Court will allow the parties to engage in limited jurisdictional discovery for a period of thirty (30) days. The undersigned emphasizes that such discovery shall be limited solely to the issue of the amount in controversy at the time of removal. Finally, to the extent that Defendants have propounded discovery requests prior to the time they were allowed to do so under the federal rules, the undersigned orders that, analogous to Fed. R. Civ. P. 26(d)(2), Defendants' previously propounded discovery requests related to the issue of the amount in controversy at the time of removal shall be considered to have been served on Plaintiffs as of the date of this Notice and Order. *See*, Fed. R. Civ. P. 26(d)(2)(A) & (B) (allowing early rule 34 requests delivered more than 21 days after service of summons and complaint and considering the requests to be served at the first Rule 26(f) conference). Accordingly, Plaintiffs' time to respond to any previously propounded discovery requests related to the issue of the amount in controversy at the time of removal shall run from the date of this Notice and Order.

Accordingly,

**IT IS HEREBY ORDERED** that the Ex Parte Motion to Extend Deadline to Comply with Order[18] filed by David Haghaghi, Hog Wild Trucking, Inc. and Arch Insurance Company (collectively, "Defendants"), is **GRANTED IN PART.** The Court construes the Motion for Extension to be a motion to conduct jurisdictional discovery and **GRANTS** the parties thirty (30) days from the date of this Notice and Order to conduct limited jurisdictional discovery regarding

---

[18] R. Doc. 8.

the amount in controversy in this suit. The Court emphasizes that this discovery is to be limited to only that relevant to the amount in controversy at the time of removal.[19]

**IT IS FURTHER ORDERED** that to the extent Defendants have already propounded discovery requests related to the issue of the amount in controversy at the time of removal, such discovery requests shall be considered to have been served on Plaintiffs as of the date of this Notice and Order.

**IT IS FURTHER ORDERED** that the previously set deadlines for the parties to submit memoranda and evidence regarding the amount in controversy are **RESET**.

**IT IS FURTHER ORDERED** that Defendants shall file a memorandum and supporting evidence concerning whether the amount in controversy required of 28 U.S.C. § 1332 is met on or before **October 25, 2017**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file either: (1) a memorandum and supporting evidence concerning this Court's subject matter jurisdiction, specifically, whether the amount in controversy required of 28 U.S.C. § 1332 is met; or (2) a Motion to Remand, within ten (10) days after the filing of Defendants' memorandum.

**IT IS FURTHER ORDERED** that the Scheduling Conference set for November 16, 2017 is **CANCELLED**. The Court will reset a scheduling conference and issue a new deadline for submission of the parties' joint status report if subject matter jurisdiction is established.

Signed in Baton Rouge, Louisiana, on September 21, 2017.

                                              **ERIN WILDER-DOOMES**
                                              **UNITED STATES MAGISTRATE JUDGE**

---

[19] To the extent Defendants' previously propounded discovery requests seek information and documents beyond the scope of the amount in controversy, this Notice and Order does not grant Defendants leave to conduct such discovery outside of the time frame established by Fed. R. Civ. P. 26(d)(1).