UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD RUSSELL, JR., ET AL. | CIVIL ACTION |
| VERSUS | NO. 17-608-BAJ-EWD |
| DAVID HAGHAGHI, ET AL. | |

**ORDER**

Before the Court is a Motion to Substitute Previously Flild Document No. 20.1 With the Attached Proposed Pleading, filed by plaintiffs Donald Russell, Jr. and Chaise Thomas (collectively, "Plaintiffs").[1] On or about August 1, 2017, Plaintiffs filed a Petition for Damages in the Twenty-Third Judicial District Court for the Parish of Ascension, State of Louisiana, against David Haghaghi, Hogwild, LLC and Arch Insurance Company (collectively, "Defendants"), alleging that Plaintiffs suffered damages as a result of a motor vehicle accident that occurred on or about January 20, 2017.[2] Defendants removed the matter to this Court on September 1, 2017 on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[3] On September 14, 2017, Haghaghi, Hog Wild Trucking Company, Inc. and Arch Insurance Company filed an Amended Notice of Removal, as ordered by the Court,[4] asserting that Hog Wild Trucking Company, Inc. was incorrectly identified as Hogwild, LLC in the state court Petition.[5]

On January 30, 2018, Plaintiffs filed a Motion and Order for Leave to File First Supplemental and Amending Petition for Damages, seeking to amend their state court Petition[6]

---

[1] R. Doc. 22.
[2] R. Doc. 1-4 at p. 4.
[3] R. Doc. 1 at ¶ 5.
[4] *See*, R. Docs. 2 and 4.
[5] R. Doc. 6 at p. 1, n. 1.
[6] R. Doc. 1-4.

seeking to name Hog Wild Trucking, Inc. as a defendant in place of Hogwild, LLC.[7] However, because the proposed First Supplemental and Amending Petition for Damages[8] was not a comprehensive pleading, Plaintiffs were ordered to file a motion to substitute.[9] On February 7, 2018, Plaintiffs filed the instant Motion to Substitute, as ordered by the Court.[10] However, the proposed First Supplemental and Amending Petition for Damages[11] fails to adequately allege the citizenship of the parties. The proposed First Supplemental and Amending Petition for Damages contains the following allegations regarding citizenship:

> The petition of **DONALD RUSSELL, JR.** and **CHAISE THOMAS,** both persons of the full age of majority, and both domiciled in the Parish of Ascension, State of Louisiana, through their undersigned counsel, respectfully represent that:
>
> I.
>
> By amending and supplementing Petitioners' original Petition for Damages, to properly name the defendant **"HOG WILD TRUCKING, INC."** erroneously named in Petitioners' original Petition as **"HOGWILD, LLC"** in every instance where these names appear.
>
> 1.
>
> Made defendants herein are the following:
> a) **DAVID HAGHAGHI,** a person of the full age of majority and resident of the state of Arizona, whose permanent mailing address is declared to be 117 Madison 3180, Huntsville, Arizona, 72740-8728;
> b) **HOG WILD TRUCKING, INC.,** a corporation authorized to do and doing business in the State of Arkansas, who can be served through their agent for service of process, Richard Long, 2905 B East Nettleton, Jonesboro, Arizona 72401; and,
> c) **ARCH INSURANCE COMPANY,** a foreign insurer, authorized to do and doing business in the State of Louisiana, who may be

---

[7] R. Doc. 20; R. Doc. 20-1 at ¶ I.
[8] R. Doc. 20-1.
[9] R. Doc. 21.
[10] R. Doc. 22.
[11] R. Doc. 22-1.

served through its agent for service of process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.[12]

Because this matter was removed based upon diversity jurisdiction under 28 U.S.C. § 1332,[13] proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction. Citizenship has not been adequately alleged in the proposed First Supplemental and Amending Petition for Damages. While the citizenship of the Plaintiffs has been adequately alleged,[14] the citizenship of David Haghaghi, Hog Wild Trucking, Inc. and Arch Insurance Company has not been properly alleged. With respect to Haghaghi, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).

With respect to Hog Wild Trucking, Inc., the Fifth Circuit has held that for purposes of diversity, "A corporation is a citizen of its place of incorporation and its principal place of business." 28 U.S.C. § 1332(c). *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).

With respect to Arch Insurance Company, the proposed First Supplemental and Amending Petition for Damages for Damages fails to specify what form of entity it is, alleging only that it is "a foreign insurer."[15] If Arch Insurance Company is a corporation, Plaintiffs must allege the place

---

[12] R. Doc. 22-1 at Introductory Paragraph and ¶ 1.
[13] *See*, R. Doc. 1.
[14] The Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).
[15] R. Doc. 22-1 at ¶ 1(c).

of incorporation and principal place of business. *See*, 28 U.S.C. § 1332(c). If, however, Arch Insurance Company is an unincorporated association or a limited liability company, the Fifth Circuit has held that the citizenship of an unincorporated association or a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, to properly allege the citizenship of an unincorporated association or a limited liability company, a party must identify each of the members of the unincorporated association or limited liability company and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member which is also an unincorporated association or a limited liability company. *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd*., Civ. A. No. 06-88-A, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Substitute Previously Filed Document No. 20.1 With the Attached Proposed Pleading[16] is **DENIED without prejudice** to Plaintiffs re-filing a motion to substitute the proposed First Supplemental and Amending Petition for Damages[17] with a proposed pleading that is a comprehensive amended complaint (*i.e.*, it may not refer back to or rely on any previous pleading) that properly sets forth the citizenship of all parties and which will become the operative complaint in this matter. Plaintiffs shall have seven

---

[16] R. Doc. 22.
[17] R. Doc. 20-1.

(7) days from the date of this Order to file the motion to substitute.

Signed in Baton Rouge, Louisiana, on February 8, 2018.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**